## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Craig Colbert | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | **Judge:** |
| | ) | |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| | ) | |
| The Collection Firm of Franklin Collection Service, Inc. | | |
| PO Box 3910 | ) | |
| Tupelo, MS 38803 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## **INTRODUCTION**

1. Plaintiff, Craig Colbert, brings this action to secure redress from unlawful collection practices engaged in by Defendant, The Collection Firm of Franklin Collection Service, Inc.. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692e.

## **JURISDICTION AND VENUE**

3. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

4. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## **PARTIES**

5. Plaintiff, Craig Colbert (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
6. Plaintiff is a resident of the State of Illinois.
7. Defendant, The Collection Firm of Franklin Collection Service, Inc. ("Defendant"), is a Mississippi business entity with an address of 2978 W Jackson St, Tupelo, MS 38801 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
8. Unless otherwise stated herein, the term "Defendant" shall refer to The Collection Firm of Franklin Collection Service, Inc.
9. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## **ALLEGATIONS**

10. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $279.80 (the "Debt") to an original creditor (the "Creditor")
11. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
12. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
13. On November 21 2020 Plaintiff received the initial collection letter from Defendant.  See Exhibit
14. The top right of said letter shows "FCSI CASE #"  See Exhibit
15. Said letter stated in all capital letters at the beginning of the letter, "THIS ACCOUNT HAS BEEN PLACED WITH OUR OFFICE FOR COLLECTION.  YOU HAVE AN OUTSTANDING BALANCE OF $279.89 OWED TO AT&T.  IN AN EFFORT TO HELP YOU RESOLVE

THIS MATTER WE AGREE TO OFFER YOU A SETTLEMENT OF $195.92. TO ACCEPT THIS OFFER PLEASE SEND PAYMENT OF $195.92. IF YOU ARE NOT PAYING THIS ACCOUNT CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES AND YOUR DEFENSES OR CALL (877) 264-2172." See Exhibit.

16. Furthermore, on the back of said letter it states "[W]hen this letter was mailed no attorney personally reviewed your account." See Exhibit.

17. Defendant's use of the above language is false, misleading, deceptive, and unfair – in several material respects.

18. Defendant is falsely, deceptively, misleadingly and unfairly suggests that it would have any potential legal remedies in connection with the subject debts.

19. By virtue of suggesting that Plaintiff needed to contact an attorney regarding Defendant's potential remedies, Defendant represented to Plaintiff that it would have some ability to seek legal recourse in order to effectuate its collection efforts.

20. Courts routinely find that a debt collector violates the FDCPA when it misleadingly suggests that it has the authority to engage in conduct when, in actuality, the authority remained with the current creditor. *E.g. Bentley v. Great Lakes Collection Bureau*, 6 F. 3d 60, 63 (2d Cir. 1993).

**15 U.S.C. SECTION 1692e**

21. The FDCPA, pursuant to 15 U.S.C. Section 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

22. In addition, this section enumerates specific violations, such as:
    "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. Section 1692e(2)(A)
    "The threat to take any action that cannot be legally taken or that is not intended to be taken" 15 U.S.C. Section 1692e(5)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer" 15 U.S.C. Section 1692e(10)

23. Defendant violated 15 U.S.C. Section 1692e, e(2)(A), e(5) and e(10) when it falsely, deceptively, and misleadingly suggested that it would have potential legal remedies in connection with the subject debt. Because only AT&T would have any potential legal remedies in connection with the subject debt, the Collection Letter's suggestion to the contrary is false, deceptive, and misleading, in violation of the above referenced portions of the FDCPA.

24. Defendant further violated 15 U.S.C. Section 1692e, e(2)(A), and e(10) when it deceptively and misleading conveyed an unwarranted limitation on Plaintiff's available options in response to the Collection Letter. Defendant's Collection Letter conveyed to Plaintiff that she could either: accept the settlement offer, contact an attorney in preparation of being sued by Defendant, or call Defendant to discuss. Such unwarranted limitation is deceptive and misleading and poses a material risk of harm to Plaintiff's interest in being able to go about responding to an attempt to collect a debt in an intelligent and well-informed manner.

## 15 U.S.C. Section 1692f

25. The FDCPA, pursuant to 15 U.S.C. Section 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

26. Defendant violated 15 U.S.C. Section 1692f when it unfairly represented the extent of its potential legal remedies.

27. Defendant further violated Section 1692f given the extent of which its Collection Letter unfairly attempts to convince Plaintiff that her options to address the subject were limited to the options represented in the Letter.

28. Defendant further violated Section 1692f given the unfair manner in

which the Collection Letter suggests that Defendant would be an entity that could properly provide legal advice to Plaintiff. Defendant's Collection Letter informed Plaintiff that she needed to either call an attorney about Defendant's legal remedies and Plaintiff's legal defenses, or that Plaintiff could call Defendant. The structure of the Collection Letter thus suggested to Plaintiff that either an attorney, or Defendant, would provide Plaintiff with information about her legal defenses. Such a suggestion is inherently unfair given the nature of Defendant's interest in ensuring that it collected payment from Plaintiff, rather than adequately providing her with notice of her rights and potential legal defenses.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff